1
2
3
4
5
6                    UNITED STATES DISTRICT COURT
7                          DISTRICT OF NEVADA
8                                 * * *
9   KENNETH PALMER,                    Case No. 3:17-cv-00644-HDM-WGC
10                      Petitioner,                    ORDER
11       v.
12  NEVADA, STATE OF, et al.,
                         Respondents.
13

14      Petitioner Kenneth Palmer has submitted a *pro se* petition for writ of habeas
15  corpus pursuant to 28 U.S.C. § 2254.  He has now paid the filing fee (*see* ECF No. 5).
16  The court has reviewed the petition pursuant to Habeas Rule 4, and it shall be docketed
17  and served on respondents.
18      A petition for federal habeas corpus should include all claims for relief of which
19  petitioner is aware.  If petitioner fails to include such a claim in his petition, he may be
20  forever barred from seeking federal habeas relief upon that claim.  *See* 28 U.S.C.
21  §2254(b) (successive petitions).  If petitioner is aware of any claim not included in his
22  petition, he should notify the court of that as soon as possible, perhaps by means of a
23  motion to amend his petition to add the claim.
24      **IT IS THEREFORE ORDERED** that the Clerk **shall file and ELECTRONICALLY**
25  **SERVE** the petition (ECF No. 1-1) on the respondents.
26      **IT IS FURTHER ORDERED** that the Clerk shall add Adam Paul Laxalt, Nevada
27  Attorney General, as counsel for respondents.
28

**IT IS FURTHER ORDERED** that respondents shall file a response to the petition, including potentially by motion to dismiss, within **ninety (90) days** of service of the petition, with any requests for relief by petitioner by motion otherwise being subject to the normal briefing schedule under the local rules. Any response filed shall comply with the remaining provisions below, which are entered pursuant to Habeas Rule 5.

**IT IS FURTHER ORDERED** that any procedural defenses raised by respondents in this case shall be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver. Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single motion to dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, shall be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

**IT IS FURTHER ORDERED** that, in any answer filed on the merits, respondents shall specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

**IT IS FURTHER ORDERED** that petitioner shall have **forty-five (45) days** from service of the answer, motion to dismiss, or other response to file a reply or opposition, with any other requests for relief by respondents by motion otherwise being subject to the normal briefing schedule under the local rules.

**IT IS FURTHER ORDERED** that any additional state court record exhibits filed herein by either petitioner or respondents shall be filed with a separate index of exhibits identifying the exhibits by number.  The CM/ECF attachments that are filed further shall be identified by the number of the exhibit in the attachment.

**IT IS FURTHER ORDERED** that the parties SHALL SEND courtesy copies of all exhibits in this case to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, directed to the attention of "Staff Attorney" on the outside of the mailing address label. Additionally, in the future, all parties shall provide courtesy copies of any additional exhibits submitted to the court in this case, in the manner described above.

DATED: December 6, 2017.

_____
HOWARD D. MCKIBBEN
UNITED STATES DISTRICT JUDGE