# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

KENNETH PALMER,

    Petitioner

v.

NEVADA, STATE OF, et al.,

    Respondents

Case No.: 3:17-cv-00644-HDM-WGC

**ORDER**

Respondents have moved to dismiss Kenneth Palmer's pro se 28 U.S.C. § 2254 petition for a writ of habeas corpus (ECF No. 11). Palmer opposed, respondents replied, and Palmer filed a surreply (ECF Nos. 16, 17, 18).

**I.    Procedural History and Background**

On September 27, 2012, a jury convicted Palmer of trafficking in a controlled substance and allowing a child to be present where UCSA violated (exhibit 62).[1] The state district court sentenced him to a term of 10 to 25 years with a concurrent term of 12 to 36 months. Exh. 65. Judgment of conviction was filed on December 5, 2012. *Id*.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 11, and are found at ECF Nos. 12-15.

The Nevada Supreme Court ultimately affirmed Palmer's convictions in October 2015, and the Nevada Court of Appeals affirmed the denial of his state postconviction habeas corpus petition in June 2017. Exhs. 111, 132.

Morrow dispatched his federal habeas petition for mailing on or about August 21, 2017 (ECF No. 7). Respondents now move to dismiss several grounds in the petition (ECF No. 11).

**II.     Legal Standards and Analysis**

   **a.  Fourth Amendment Claims**

Independent, substantive Fourth Amendment claims are generally barred from federal habeas review. In *Stone v. Powell*, the United States Supreme Court held that allegations of violations of a petitioner's Fourth Amendment rights are not cognizable in federal habeas corpus actions provided that the petitioner has a "full and fair" opportunity to litigate these claims in state court. *Stone v. Powell*, 428 U.S. 465, 481 (1976); *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). To be eligible for habeas relief on Fourth Amendment claims, a petitioner must demonstrate that the state court has not afforded him a full and fair hearing on those claims. *Stone*, 428 U.S. at 494 n.37.

Respondents move to dismiss several claims as barred by *Stone* (ECF No. 1, p. 2). Palmer contends as part of grounds 1 and 2 that police searched the van he had been riding in, seized and searched his cell phone, and seized his money in violation of his Fourth Amendment rights (ECF No. 7, pp. 4, 7-10).

The court agrees with respondents that *Stone* forecloses federal review of Palmer's Fourth Amendment claims. Palmer tries to argue that he did not have a full and fair opportunity to litigate these claims (see ECF Nos. 7, 16, 18). However, the gravamen of his argument is really that the district court was "wrong" because it knew that the searches and seizures were illegal.

Accordingly, the Fourth Amendment claims in grounds 1 and 2 are dismissed as barred from federal habeas review pursuant to *Stone v. Powell*. However, Palmer's claims of ineffective assistance of counsel related the Fourth Amendment claims are not foreclosed by *Stone*.

### b. Exhaustion

A federal court will not grant a state prisoner's petition for habeas relief until the prisoner has exhausted his available state remedies for all claims raised. *Rose v. Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b). A petitioner must give the state courts a fair opportunity to act on each of his claims before he presents those claims in a federal habeas petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also Duncan v. Henry*, 513 U.S. 364, 365 (1995). A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral review proceedings. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir. 1981).

A habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481 (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)). To achieve exhaustion, the state court must be "alerted to the fact that the prisoner [is] asserting claims under the United States Constitution" and given the opportunity to correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). It is well settled that 28 U.S.C. § 2254(b) "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Jiminez v.*

3

*Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). "[G]eneral appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Hiivala*, 195 F.3d at 1106. However, citation to state case law that applies federal constitutional principles will suffice. *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal habeas claim is based. *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994). The exhaustion requirement is not met when the petitioner presents to the federal court facts or evidence which place the claim in a significantly different posture than it was in the state courts, or where different facts are presented at the federal level to support the same theory. *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455, 458 (D. Nev. 1984).

Claims must also be presented to the highest state court in a procedurally correct manner. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that exhaustion cannot be achieved by procedurally deficient or improper means); *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) ("Submitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation."); *McQuown v. McCartney*, 795 F.2d 807, 809 (9th Cir. 1986) (stating that a claim is exhausted only when it has been presented in a way that provides the state courts with an opportunity to rule on its merits). Respondents contend that grounds 1(D), 1(E), 2(D), and 3 are unexhausted (ECF No. 9, pp. 11-13).

In ground 2 Palmer asserts that his counsel was ineffective when he failed to file a motion to suppress the drugs found in the van (ECF No. 7, p. 7).

Respondents point out that Palmer did not raise the claim in his state habeas petition, but only raised it on appeal of the denial of the petition. *See* exhs. 114, 115, 130. The Nevada Court of Appeals declined to address it on that basis. Exh. 132. Respondents are correct that Palmer did not present this claim to the highest state court in a procedurally proper manner. Thus, this portion of ground 2 is unexhausted.

III.  **Petitioner's Options Regarding Unexhausted Claim**

A federal court may not entertain a habeas petition unless the petitioner has exhausted available and adequate state court remedies with respect to all claims in the petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both exhausted and unexhausted claims is subject to dismissal. *Id*. In the instant case, the court concludes that the Fourth Amendment claims are dismissed and the claim in ground 2 that counsel was ineffective for failing to file a motion to suppress the drugs found in the van is unexhausted. Because the court finds that the petition contains an unexhausted claim, petitioner has these options:

1. He may submit a sworn declaration voluntarily abandoning the unexhausted claim in his federal habeas petition, and proceed only on the exhausted claims;

2. He may return to state court to exhaust his unexhausted claim, in which case his federal habeas petition will be denied without prejudice; or

3. He may file a motion asking this court to stay and abey his exhausted federal habeas claims while he returns to state court to exhaust his unexhausted claim.

With respect to the third option, a district court has discretion to stay a petition that it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The *Rhines* Court stated:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claim in state court and presents argument regarding the question of whether or not his unexhausted claim is plainly meritless. Respondents would then be granted an opportunity to respond, and petitioner to reply. Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed. Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

IV. **Conclusion**

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 11) is **GRANTED** as follows:

The Fourth Amendment claims are **DISMISSED** as set forth in this order.

The claim in ground 2 that counsel was ineffective for failing to file a motion to suppress the drugs found in the van is **UNEXHAUSTED**.

6

**IT IS FURTHER ORDERED** that petitioner shall have 30 days to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted ground for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted claim; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted claims in abeyance while he returns to state court to exhaust his unexhausted claim. If petitioner chooses to file a motion for a stay and abeyance, or seek other appropriate relief, respondents may respond to such motion as provided in Local Rule 7-2.

**IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted ground, respondents shall have 30 days from the date petitioner serves his declaration of abandonment in which to file an answer to petitioner's remaining grounds for relief. The answer shall contain all substantive and procedural arguments as to all surviving grounds of the petition and shall comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254.

**IT IS FURTHER ORDERED** that petitioner shall have 30 days following service of respondents' answer in which to file a reply.

**IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within the time permitted, this case may be dismissed.

**IT IS FURTHER ORDERED** that respondents' first and second motions for extension of time to file a response to the petition (ECF Nos. 9, 10) are both **GRANTED** *nunc pro tunc*.

Dated: February 6, 2019.

_____
Howard D. McKibben
United States District Judge